## Pennsylvania State Chamber of Commerce v. Hart

*Frank A. Sinon, Robert D. Myers,* of *Rhoads, Sinon & Reader,* for plaintiff.

*William C. Sennett,* Attorney General; *Morley W. Baker,* Assistant Attorney General, and *Raymond Kleiman,* Deputy Attorney General, for defendants.

BOWMAN, J., July 1, 1968.—Before us at this time is plaintiff's motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034 as made applicable to actions in equity by Pa. R. C. P. 1501.

This case was originally before us on defendants' preliminary objections in the nature of a demurrer to plaintiff's complaint in equity. It was then asserted

by defendants that equity lacked jurisdiction and that plaintiff's complaint failed to state a cause of action. These objections were dismissed in our opinion and order of March 11, 1968.[1] Thereafter, defendants filed an answer to plaintiff's complaint which admits all material facts of the complaint; whereupon plaintiff moved for judgment on the pleadings and the matter came on for argument.

Defendants concede that no dispute of material facts is raised by the pleadings and that none, in fact, exists. They also concede that our prior opinion dismissing their preliminary objections was dispositive of the only substantive question of law needed to be resolved incident to acting on plaintiff's motion.

In our prior opinion we concluded that the proper interpretation of a proviso contained in section 301.1 of the Unemployment Compensation Law,[2] which prescribes a formula for the computation of the State Adjustment Factor and a maximum per centum to be applied in the ultimate determination of an employer's rate of contribution, did not permit an accumulation and eventual recovery of the computed factor over the maximum per centum to be applied in any one year except to the extent that it might be fully or partially recovered in the next ensuing year.

This being the posture of the case, defendants urge us to overrule our prior opinion. We have considered defendants' arguments which are essentially restatements of arguments previously advanced and which do not persuade us to change our previously expressed opinion.

Under such circumstances, we affirm our prior opinion as it pertains to and disposes of the only sub-

---

[1] Pennsylvania State Chamber of Commerce v. William J. Hart, Secretary of Labor and Industry, et al., 89 Dauph. 80 (1968).

[2] Act of December 5, 1936, P. L. (1937) 2897, 43 PS §781.1.

stantive question of law involved in plaintiff's motion for judgment on the pleadings. Accordingly, we make the following

### CONCLUSION OF LAW

Section 301.1 of the Act of December 5, 1936, P. L. (1937) 2897, as amended by the Act of June 22, 1964, P. L. 112, with respect to the computation and application of the State Adjustment Factor in any particular year beginning in 1962 permits the excess of the computed factor over the maximum permissible per centum to be applied in any one year to be added to the computed factor for the next ensuing year and only that year, and subject to the maximum permissible per centum to be applied in such next ensuing year.

### ORDER

And now, July 1, 1968, plaintiff's motion for judgment on the pleadings is hereby granted and judgment is entered in favor of plaintiff and against defendants. And defendants are hereby permanently enjoined from collecting or attempting to collect unemployment contributions from employers, including plaintiff, subject to said act and entitled to an adjusted rate of contribution under section 301.1 of the aforesaid act, for the year 1967, in excess of the computed State Adjustment Factor for that year and from collecting or attempting to collect unemployment contributions for any year thereafter contrary to the meaning of section 301.1 as herein construed and until changed by law.